**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LADS NETWORK SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT FOR COPYRIGHT |
| LINXUP, LLC, | ) | INFRINGEMENT |
| ARCHLOGIX, LLC, and | ) | DEMAND FOR JURY TRIAL |
| GILEAD GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff LADS Network Solutions, Inc. ("Plaintiff LADS"), by and through undersigned counsel, and, for its causes of action against Defendants Linxup, LLC ("Defendant Linxup"), Archlogix, LLC ('Defendant Archlogix"), and Gilead Group, LLC ("Defendant Gilead") (hereinafter Defendant Linxup, Defendant Archlogix and Defendant Gilead may be referred to collectively as "Defendants"), states and alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff LADS brings this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of the copyright in software and source code developed by Plaintiff LADS.

2.      Plaintiff LADS, in business since 1969, is a provider of dispatching software since 1985, wireless data communications since 1989, and mobile GPS based software solutions since 1998.

3.      Recognizing Plaintiff LADS's expertise in logistics software solutions,

Defendants have taken and used the copyrighted software of Plaintiff LADS for their own

personal benefit and use.

4.      Defendants' conduct is causing, and unless immediately enjoined will

continue to cause, enormous and irreparable harm to Plaintiff LADS. Defendants may

not continue to exploit Plaintiff LADS's software without authorization.

5.      Defendants' conduct must immediately be stopped, and Plaintiff LADS must be

compensated for Defendants' willful acts of infringement.

## JURISDICTION AND VENUE

6.      This is a civil action seeking damages and injunctive relief for, *inter alia*,

copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

7.      This Court has subject matter jurisdiction over this copyright infringement action

pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

8.      This Court has personal jurisdiction over Defendants because, among

other things, Defendants are doing business in the State of Missouri and in this judicial district,

the acts of infringement complained of herein occurred in the State of Missouri and in this

judicial district, and Defendants have caused injury to Plaintiff LADS and its intellectual

property within the State of Missouri and in this judicial district.

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and

(c), and/or § 1400(a).

## PARTIES

10.     Plaintiff LADS Network Solutions, Inc. ("Plaintiff LADS") is a Missouri

corporation with its principal offices in St. Louis County, Missouri.

2

11.     Defendant Linxup, LLC ("Defendant Linxup"), f/k/a Agilis Systems, LLC, is a Delaware limited liability company registered to do business in the State of Missouri and operates its business in St. Louis County, Missouri.

12.     Defendant Archlogix, LLC ("Defendant Archlogix") is a Delaware limited liability company registered to do business in the State of Missouri and operates its business in St. Louis County, Missouri

13.     Defendant Gilead Group, LLC ("Defendant Gilead") is a Delaware limited liability company registered to do business in the State of Missouri and operates its business in St. Louis County, Missouri.

14.     Upon information and belief, Defendant Gilead was the majority owner of both Defendant Linxup and Defendant Archlogix and controlled the operations of both Defendant Linxup and Defendant Archlogix when the original violations occurred.  Upon information and belief, currently Defendant Gilead is the majority owner of Archlogix and controls the operations of Archlogix, while Defendant Gilead is now a minority owner of Defendant Linxup.  Upon further information and belief, Defendant Gilead sold 2/3 of its holdings in Defendant Linxup for approximately $70 million in or about February 2019 and has indemnified the 2/3 owner of Defendant Linxup regarding the claims asserted in this lawsuit.

15.     At all relevant times mentioned in this complaint, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

## DEFENDANTS' WILLFUL COPYRIGHT INFRINGEMENT

16.     Plaintiff LADS is the owner of copyrighted logistics software which Plaintiff LADS developed and licensed to others (the "Infringed Software").  A copy of Plaintiff LADS's

original copyright registration, TX 7-906-822, is attached hereto and incorporated herein as Exhibit A.  A copy of Plaintiff LADS's supplementary copyright registration, TXu 2-277-055, is attached hereto and incorporated herein as Exhibit B.

17.     In 2004, Plaintiff LADS through a Bilateral Intellectual Property Transfer and License Agreement, shared with Siliga Systems, Inc. ("Siliga"), f/k/a Agilis Systems, Inc., all of its copyrighted software as it related to dispatch, wireless data communications, and mobile GPS tracking software; the copyrighted source code; and a significant amount of its trade secrets accumulated over 29 years.

18.     In 2006, Plaintiff LADS and Siliga entered into a Licensing Agreement for the continued use of Plaintiff LADS's copyrighted software and source code.

19.     In March 2007, Plaintiff LADS entered into a new licensing agreement with Siliga for the continued use of its copyrighted software and source code.

20.     In October 2007, without permission and consent of Plaintiff LADS, Siliga Systems, Inc. allegedly assigned its rights under the license agreement to Defendant Linxup.

21.     Thereafter, Defendant Linxup commenced using Plaintiff LADS's copyrighted software and source code; however, Defendant Linxup violated the License Agreement by ceasing to make agreed upon monthly payments for the use of said software and source code on or before October 2009.  The license, by its own terms, expired effective January 1, 2010. Despite the expiration of the license, and without the knowledge of Plaintiff LADS, Defendant Linxup continued to use the software.

22.     Up to and including at the time of filing this Complaint, Defendant Linxup has used and continues to use the copyrighted software and source codes owned by Plaintiff LADS, but without license or other authorization from Plaintiff LADS.

4

23.    Upon information and belief, in or about July 2017 Defendant Gilead and its members created Defendant Archlogix, and Defendant Archlogix began using Plaintiff LADS's copyrighted software for its own purposes without the knowledge or consent of Plaintiff LADS nor payment to Plaintiff LADS.

24.    Plaintiff LADS is entitled to injunctive relief and redress for Defendants' willful, intentional, and purposeful use and exploitation of the Infringed Software for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiff LADS's rights.

## COUNT I
## COPYRIGHT INFRINGEMENT
**(17 U.S.C. §§ 106 and 501 *et seq.*)**
(By Plaintiff LADS Against Defendants)

25.    Plaintiff LADS incorporates herein by this reference each and every averment contained in paragraphs 1 through 24, inclusive.

26.    Through their conduct averred herein, Defendant Linxup and Defendant Archlogix have infringed Plaintiff LADS's copyright in the Infringed Software in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

27.    Defendant Linxup and Defendant Archlogix have both used the Infringed Software, with knowledge of Plaintiff LADS's rights in the Infringed Software, and with knowledge that their use of the Infringed Software was without permission or license from LADS.  Accordingly, Defendant Linxup's and Defendant Archlogix's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff LADS's rights.

28.     As a direct and proximate result of said infringement by Defendant Linxup and Defendant Archlogix, Plaintiff LADS is entitled to damages, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial.

29.     Plaintiff LADS is also entitled to Defendant Linxup's and Defendant Archlogix's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of, disgorgement of, and a constructive trust with respect to such profits.  In addition, Plaintiff LADS is entitled to Defendant Gilead's profits attributable to its sale of Linxup, including an accounting of, disgorgement of, and a constructive trust with respect to such profits.

30.     Plaintiff LADS is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

### COUNT II
### Piercing Corporate Veil
(By Plaintiff LADS against Defendants)

31.     Plaintiff LADS incorporates herein by this reference each and every averment contained in paragraphs 1 through 30, inclusive.

32.     Kent Kalkwarf and David Barford, who, on information and belief, have been the controlling owners of Defendant Gilead—and thereby also controlling owners of Defendants Linxup (until February 2019) and Archlogix—are convicted felons, having been convicted of a multi-million dollar fraudulent scheme against shareholders.

33.     Kent Kalkwarf, in his capacity as Managing Director of the Defendant Gilead, a controlling entity of Defendant Linxup (until February 2019), and David Barford, in his capacity as acting COO of Defendant Linxup (until July 2017), worked in concert to deprive Plaintiff LADS of any payments for the use of the Infringed Software.

34.     Defendant Gilead had complete domination over Defendant Linxup until February 2019, when Linxup was sold to Spectrum Equity, and over Defendant Archlogix continuously until the present as to policy and business transactions in respect to the use of the Infringed Software, so that Defendant Linxup (until February 2019) and Defendant Archlogix have had no separate mind, will, or existence of their own.

35.     Defendant Gilead was able to achieve this domination through fraud and deceit.

36.     In 2007 Defendant Gilead entered into an agreement with Siliga and Defendant Linxup (then known as Agilis Systems, LLC) to form a new entity, with Defendant Gilead owning 11% for a $500,000.00 investment, and Siliga owning the remaining 89%.

37.     Further, Defendant Gilead took on the accounting and books of Defendant Linxup for a 3.5% fee.

38.     As part of the agreement with Siliga, Defendant Gilead promised to find, or invest, a minimum of $5,000,000.00 in Defendant Linxup based on projections agreed to by Defendant Gilead and Siliga, at which point Defendant Gilead would own 44% of Defendant Linxup.

39.     In December 2007, Defendant Gilead, through its Managing Director, Kent Kalkwarf, paid down Defendant Linxup's debt in the amount of $100,000.00 in violation of Defendant Linxup's operating agreement, drastically reducing Defendant Linxup's cash position.

40.     In 2008, Defendant Linxup more than achieved the projections agreed to; however, Defendant Gilead revised Defendant Linxup's projections violating the original agreement between Defendant Gilead and Siliga.

41.     From January through March of 2008, Defendant Gilead, through its Managing Director, Kent Kalkwarf, refused to record sales that were booked and billed to ensure that Defendant Linxup fell short on revenue projections.

42.     In April 2008 Defendant Linxup was forced by financial and other considerations to enter into a new agreement with Defendant Gilead in exchange for a $1,500,000.00 investment in Defendant Linxup, Defendant Gilead was given a commission of 1 million shares in Defendant Linxup as a finder's fee for finding future investments of $5,000,000.00, Defendant Gilead was given control of three board seats which were added to the current board of Defendant Linxup, and Defendant Gilead was given 1.5 million shares of Defendant Linxup.

43.     Through its control of the Board of Defendant Linxup, Defendant Gilead "deemed" themselves an additional 1.5 million shares in Defendant Linxup, and Defendant Gilead thereby took controlling interest in Defendant Linxup with only a $2 million total investment as compared to the Siliga total investment of $3.5 million just 6 months previously.

44.     The combined total of 4.5 million shares allowed Defendant Gilead to take total control of Defendant Linxup, leaving Siliga only an 8% interest in Defendant Linxup.

45.     Thereafter, the operations of Defendant Gilead, Defendant Linxup, and Defendant Archlogix were so entwined such that each was the alter ego of the other.

46.     The control exerted by Defendant Gilead was used to perpetrate the violation of copyright law, in contravention of Plaintiff LADS's rights.

47.     The control exerted by Defendant Gilead and the violation of Plaintiff LADS's rights proximately caused the injuries and unjust loss to Plaintiff LADS.

WHEREFORE, Plaintiff LADS prays for judgment against all Defendants, and each of them, jointly and severally, as follows:

A.      For damages in such amount as may be found, or as otherwise permitted by law.

B.      For an accounting of, disgorgement of, and the imposition of constructive trust with respect to, Defendant Linxup's and Defendant Archlogix's profits attributable to their infringements of Plaintiff LADS's copyright in the Infringed Software.

C.      For an accounting of, disgorgement of, and the imposition of constructive trust with respect to, Defendant Gilead's profits attributable to its sale of Defendant Linxup in or about February 2019.

D.      For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in the Infringed Software.

E.      For prejudgment and post judgment interest according to law.

F.      For Plaintiff LADS's attorneys' fees, costs, and disbursements in this action.

G.      For such other and further relief this Court deems just and proper.


**DEMAND FOR JURY TRIAL**

Plaintiff LADS demands a trial by jury.

Dated: May 5, 2025                    Respectfully submitted,

                                      **RABENBERG LAW FIRM, LLC**

                                      By: */s/ Keith A. Rabenberg*
                                      Keith A. Rabenberg, #35616MO
                                      2323 St. Clair
                                      St. Louis, MO  63144
                                      Telephone: (314) 954-2543
                                      keith.rabenberg@outlook.com

                                      and

                                      **STINSON LLP**
                                      B. Scott Eidson, #57757MO
                                      Julie C. Scheipeter, #65978MO
                                      Andrew R. Steiner, #75929MO
                                      7700 Forsyth Blvd., Suite 1100
                                      St. Louis, MO 63105
                                      Telephone (314) 863-0800
                                      Facsimile (314) 863-9388
                                      scott.eidson@stinson.com
                                      julie.scheipeter@stinson.com
                                      andrew.steiner@stinson.com

                                      *Attorneys for Plaintiff LADS*

,

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## TX 7-906-822

**Effective date of
registration:**

September 16, 2014

## Title

**Title of Work:** GPStrac

## Completion/Publication

**Year of Completion:** 2000

**Date of 1st Publication:** May 1, 2000    **Nation of 1st Publication:** United States

## Author

■    **Author:** LADS Network Solutions, Inc.

**Author Created:** computer program

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** LADS Network Solutions, Inc.

1 Soccer Park Rd, St Louis, MO, 63026, United States

## Rights and Permissions

**Name:** Daniel D Huber

**Email:** daniel.d.huber@gmail.com    **Telephone:** 314-603-7351

## Certification

**Name:** Daniel D Huber

**Date:** March 12, 2014

**Correspondence:** Yes

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



United States Register of Copyrights and Director

**Registration Number**

**TXu 2-277-055**

**Effective Date of Registration:**
September 14, 2021

**Registration Decision Date:**
September 16, 2021

## Supplementary Registration

Supplement To:   TX0007906822, 2014

## Title

Title of Work:   GPStrac

## Completion/Publication

Year of Completion:   2000

## Author

•        Author:   LADS Network Solutions, Inc.
Author Created:   computer program
Work made for hire:   Yes
Domiciled in:   United States

## Copyright Claimant

Copyright Claimant:   LADS Network Solutions, Inc.
808 Justerini Dr, Ballwin, MO, 63011, United States

## Limitation of copyright claim

Material excluded from this claim:   computer program, all HTML based code, represented on pages 6-27 of the deposit material which contains some public domain code and material created after the original created date

New material included in claim:   computer program

## Rights and Permissions

Organization Name:   LADS Network Solutions, Inc.
Name:   Daniel Huber
Email:   daniel.d.huber@gmail.com

Page 1 of 2

**Certification**

Telephone:  (314)603-7351

Name:  Daniel Huber, Authorized agent of LADS Network Solutions, Inc.
Date:  September 14, 2021

Correspondence:  Yes
Explanation of Corrections:  Material is now correctly being identified as being excluded from this claim. The original registration incorrectly identified the work as published. Because the software was distributed only subject to licenses with restrictions, this application clarifies that the work was unpublished at the time of the original registration. Our office address was "1 Soccer Park Road, St. Louis, MO 63026" in 2014 when we applied for a Registered Copyright. Our office address today is "808 Justerini Dr, Ballwin, MO, 63011, United States". Therefore, we want to be certain your office is aware of our current office address in the situation you mail information to our office